IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN ENDRES,

                Plaintiff,                      ORDER

v.

                                                  20-cv-644-wmc

UHG I LLC and DOBBERSTEIN
LAW FIRM,

                Defendants.

---

In this lawsuit, plaintiff Susan Endres asserted claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and analogous Wisconsin law provisions. The court previously granted defendants UHG I LLC and Dobberstein Law Firm's motions for summary judgment, finding plaintiff lacked standing to pursue her claims and entered judgment in defendants' favor. (2/15/22 Op. & Order (dkt. #77); judgment (dkt. #78).) In addition, the court required plaintiff's counsel to explain why he had failed to address two cases. First, plaintiff ignored the United States Supreme Court's holding in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), in which the Court rejected the Seventh Circuit's position for determining whether a defendant was a debt collector; instead, plaintiff cited to the rejected Seventh Circuit opinion. Second, plaintiff failed to acknowledge the Wisconsin Supreme Court's decision in *Security Finance v. Kirsch*, 2019 WI 42, ¶ 31, 386 Wis. 2d 388, 926 N.W.2d 167, in which the court, albeit considering a different provision of Chapter 427 than that at issue here, held that "a creditor's failure to provide such notice does not constitute a sufficient basis for relief under ch. 427." *Sec. Fin. v. Kirsch*, 2019 WI 42, ¶ 31, 386 Wis. 2d 388, 926 N.W.2d 167.

In a lengthy response, plaintiff's counsel explains his reasons for failing to cite to both cases. With respect to the *Kirsch* case, he principally argues that the holding should be limited to a claim under § 427.014, and does not impact the claim asserted here, under § 425.107. While that is a fair distinction, and one the court noted in its opinion, in light of this court's requirement to "determine the content of state law as the highest court of the state would interpret it," *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002), plaintiff's counsel should have, even if not ethically obligated, cited this recent Wisconsin Supreme Court cases concerning a comparable statute. Plaintiff could have then argued -- as plaintiff's counsel does in his show cause response -- that the holding was narrow and inapplicable to the claim asserted here but to ignore this case was a misstep, albeit not one that requires a sanction.

As for the *Henson* opinion, plaintiff's counsel acknowledges that it was a mistake to not cite the case, attests that he did not recall it and sets forth his method for staying abreast of case law developments. In light of his well-documented process, the court is surprised that plaintiff's counsel was not aware of this case but appreciates his thoughtfulness in both creating a robust process and describing it to the court. It appears the *Henson* case simply fell through the cracks of his process. The court will not sanction plaintiff's counsel for this oversight but encourages him to cite check cases (even ones that he had previously cited in other briefs) before submitting his briefs and cautions him that the court will be more inclined to impose sanctions if this were to happen again.

Accordingly, IT IS ORDERED that plaintiff's counsel has discharged his obligation to respond to the court's February 15, 2022, show cause order.

Entered this 17th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge